IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| GEORGE PLATT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-CV-332 |
| | ) | |
| LEAFFILTER NORTH, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The plaintiff, George Platt, sued defendant LeafFilter North, LLC, alleging that he "performed sales services" for LeafFilter for several years and that LeafFilter terminated the arrangement in April 2024. He asserts a number of claims arising out of these and surrounding events. LeafFilter moves for judgment on the pleadings. The motion will be granted in part as to those causes of action where Mr. Platt has not stated a plausible claim for relief and will otherwise be denied.

### I. Brief Overview of Facts as Alleged in the Complaint

Mr. Platt alleges that LeafFilter misclassified him and other persons who provided sales services on LeafFilter's behalf as independent contractors instead of as employees. *See*, *e.g.*, Doc. 1 ¶ 34. He alleges that his agreement with LeafFilter, referred to in his complaint and elsewhere as a "Direct Seller Agreement" or a "DSA," explicitly stated that "Pursuant to Internal Revenue Code § 3508, Direct Seller will not be treated as an

employee," *id*. at ¶ 30, that § 3508 of the Code does not authorize such a categorization as an independent contractor, and that this statement is false and misleading.

Other allegations will be noted in the context of specific claims asserted.

II. Discussion

A. False Claims Act Retaliation Claim

To sufficiently plead retaliation under the False Claims Act, a plaintiff must allege facts sufficient to support a reasonable inference that: (1) he engaged in protected activity in furtherance of a qui tam suit, (2) his employer knew about the protected activity, and (3) his employer took adverse action against him as a result. *Glynn v. EDO Corp.*, 710 F.3d 209, 214 (4th Cir. 2013); *accord Smith v. Clark/Smoot/Russell*, 796 F.3d 424, 433 (4th Cir. 2015). An employee is engaged in protected activity "in furtherance of" an FCA action when "litigation is a distinct possibility, when the conduct reasonably could lead to a viable FCA action, or when litigation is a reasonable possibility." *United States ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190, 200 (4th Cir. 2018) (cleaned up).

Mr. Platt alleges that after he told LeafFilter he believed its practice of characterizing direct sellers like him as independent contractors was "materially misleading" and resulted in LeafFilter filing false 1099s and evading payroll tax obligations, LeafFilter retaliated against him by terminating him. Doc. 1 at ¶¶ 57–60. This is insufficient to state a plausible claim. Among other problems, nothing in Mr. Platt's complaint gives rise to an inference that his complaints were in furtherance of False Claims Act litigation.

Given this fatal defect in the complaint, the Court need not go into the several other reasons the complaint fails to state a False Claims Act retaliation claim.

### B. Declaratory Judgment

A request for a declaratory judgment is not technically a separate cause of action but rather is a remedy or form of relief. Mr. Platt asks for a declaratory judgment that his contract language declaring him to be an independent contractor and imposing penalties for challenging that language is void because it violates the FLSA. *Id*. at ¶¶ 62–65. This is linked to his FLSA claim, which, as discussed *infra*, may proceed.

But according to the complaint, Mr. Platt no longer works for LeafFilter. Thus, he cannot show future injury or that future litigation as to him is likely to happen. *See Wells v. Johnson*, 150 F.4th 289, 302 (4th Cir. 2025) ("To have standing a plaintiff must show both that future litigation is likely to happen (at least absent the declaration sought) and that the declaration's preclusive effect will likely help him in that litigation."). Thus, Mr. Platt lacks standing to pursue a declaratory judgment remedy. And to the extent he requests a declaratory judgment that the language in his agreement with LeafFilter is void whenever it appears in any contract LeafFilter or any other person or entity has with another person, that request for relief will be dismissed because he has made no claim on behalf of a class or collective.

### C. Breach of Contract

Mr. Platt alleges that his agreement with LeafFilter required 30 days' notice for termination, that LeafFilter did not give him 30 days' notice, and that this failure was a breach of contract. Doc. 1 at ¶¶ 67–68. LeafFilter contends that it terminated Mr. Platt

3

for cause so that the 30-day notice provision did not apply. But Mr. Platt disputes the reasons given by LeafFilter for his termination and denies, for example, that he failed to show up for work. LeafFilter's arguments are better addressed on a more developed factual record. As to this cause of action, the motion to dismiss will be denied.

### D. Wrongful Discharge in Violation of Public Policy

Mr. Platt alleges that after he complained to LeafFilter that he was misclassified as an independent contractor, reported data security violations, and raised workplace discrimination, he was terminated, and that his termination violates North Carolina public policy. *Id*. at ¶¶ 71–72. While no North Carolina court has expressly identified the essential elements for this cause of action, the elements of a claim alleging wrongful discharge in violation of public policy, generally, are described as:

> (1) the plaintiff was an at-will employee of the defendant; (2) the defendant terminated the plaintiff; (3) there was a public policy applicable to the circumstances of the termination; (4) the plaintiff was protected by this public policy; and (5) the defendant's motivation in terminating the plaintiff violated this public policy.

*Crespo v. Delta Apparel, Inc.*, No. 07-CV-65, 2008 WL 2986279, at *5 (W.D.N.C. July 31, 2008); *accord Malik v. Amazon.com Prices*, LLC, No. 21-CV-627, 2024 WL 150763, at *8 (W.D.N.C. Jan. 12, 2024). Ordinary discussions or complaints with employers about wages, salary, or job classification are not, without more, protected by the public policy of the state. Nor does public policy automatically protect an employee merely because the employee characterizes an employer's practice as illegal or malfeasant.

Here, Mr. Platt believes LeafFilter improperly classified him as an independent contractor instead of as an employee and believes that was illegal. But using the word

4

"malfeasance" does not make expression of that opinion protected by law. He points to no North Carolina law supporting his assertion that there is such a public policy.

While complaints of racial and religious discrimination may be so protected, Mr. Platt's allegations about these complaints are conclusory and insufficient to raise a plausible claim. Likewise, his conclusory assertions that his reports of "data security violations" under the contract without any support for the proposition that this violates public policy are insufficient to state a plausible claim.

### E. Fair Labor Standards Act

While his complaint is inartful, Mr. Platt adequately alleges that he was misclassified as an independent contractor instead of an employee and that he is entitled to approximately $10,000 in unpaid wages and overtime. Doc. 1 at ¶¶ 75–78. The Court agrees with LeafFilter that the complaint is long on hyperbole and short on factual details, but the amount of the unpaid wage is set forth with specificity, and details can be provided in discovery.

A scheduling order was entered on September 19, 2024, Doc. 26, and it required the parties to provide initial pretrial disclosures by October 24, 2025. Doc. 26 at ¶ 1(d). Federal Rule of Civil Procedure 26 requires a party to disclose to its opposing party "a computation of each category of damages claimed by the disclosing party—who must also make available . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). "[A] party's Rule 26(a)(1)(A)(iii) disclosure must state the types of damages that the party seeks, must contain a specific computation

of each category, and must include documents to support the computations." *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 07-CV-275, 2012 WL 1596722, at *1 (E.D.N.C. May 7, 2012). Providing a lump sum is not sufficient. *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enter.*, 698 F. Supp. 3d 814, 819 (M.D.N.C. 2023); *accord Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006). If Mr. Platt has not done this, he should do so immediately.

### F. Unfair Trade Practices Claim

Mr. Platt alleges that LeafFilter committed an unfair trade practice by "misrepresenting" the Internal Revenue Code in the contract with direct sellers and by imposing coercive penalties. Doc. 1 at ¶ 80(a). North Carolina's UDTPA does not extend to basic employment disputes, which is what Mr. Platt alleges happened here; to be applicable to an employment relationship, plaintiffs must allege special circumstances. *Bonham v. Wolf Creek Acad.*, 767 F. Supp. 2d 558, 574 (W.D.N.C. 2011); *see HAJMM Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 593, 403 S.E.2d 483, 492 (1991) (observing UDTPA "does not cover employer-employee relations"); *Durling v. King*, 146 N.C. App. 483, 488–89, 554 S.E.2d 1, 4–5 (2001) (concluding UDTPA did not apply in employees' suit to recover unpaid commissions). Mr. Platt has alleged no such special circumstances here.

Mr. Platt also alleges that LeafFilter engaged in deceptive and misleading practices against consumers by "deceiving consumers" by outfitting misclassified workers with LeafFilter uniforms and credentials, Doc. 1 at ¶ 80(b), by directing workers to collect sensitive consumer information of consumers, *id.* at ¶ 80(c), and by failing to respond to

6

his report of a live consumer data breach. *Id*. at ¶ 80(d). But he does not allege any facts tending to indicate that he was harmed by these practices. It is an element of an unfair trade practices claim that such unfair or misleading practice have caused injury to the plaintiff. N.C. Gen. Stat. § 75-1 *et. seq*; *Gray v. N.C. Ins. Underwriting Ass'n*, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000). Alleging that other persons were harmed does not state a claim.

The motion to dismiss the Chapter 75 claim will be granted.

### G. Title VII

Mr. Platt alleges that LeafFilter discriminated against him by mandating weekly Christian prayer sessions, Doc. 1 at ¶ 85, and by terminating his employment after he complained about racial discrimination against a coworker. *Id*. at ¶¶ 86–87. He alleges that he timely filed a charge of discrimination with the EEOC in September 2024, citing to "Exhibit C." *Id*. at ¶ 89. LeafFilter moves to dismiss this cause of action for failure to exhaust administrative remedies.

Before a plaintiff may file a suit under Title VII alleging discrimination or retaliation, he must file a charge of discrimination with the EEOC and exhaust his administrative remedies. *See, e.g., Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002); *accord Cowgill v. First Data Techs., Inc.*, 41 F.4th 370, 383–84 (4th Cir. 2022) (cleaned up). Failure to do so is not a jurisdictional defect, but it is a mandatory claims processing rule. *See Fort Bend Cnty. v. Davis*, 587 U.S. 541, 551 (2019). In the absence of such a charge, dismissal is the appropriate remedy when raised by the defendant. *See, e.g., Stevens v. Elior Inc.*, No. 22-CV-576, 2023 WL 3061857, at *2 (W.D.N.C. Apr. 24,

2023) (dismissing plaintiff's claims where plaintiff filed suit before administrative remedies were exhausted).

Here, LeafFilter has not directly asserted that Mr. Platt did not file a charge with the EEOC, but it accurately points out that "Exhibit C" cited by the plaintiff is not an EEOC charge of discrimination, nor does it in any way show that Mr. Platt filed such a charge. Mr. Platt acknowledges that he has not received a right to sue letter from the EEOC. Doc. 46 at 18 (noting that the right to sue letter is "pending").

Mr. Platt contends that at this stage, the Court must accept as true his allegation that he filed a charge with the EEOC. If he has in fact filed such a charge, it is difficult to understand why he did not provide a copy with his brief in opposition. Without the charge, LeafFilter is precluded from evaluating whether the claims in the lawsuit are broader than the claims in the EEOC charge, for example.

The motion to dismiss this cause of action will be granted, but if Mr. Platt has filed a charge of discrimination and all other conditions for filing an individual claim have now been met, he may file a motion seeking leave to file an amended complaint setting forth such facts with specificity and attaching both a proposed amended complaint and a copy of the EEOC charge and other necessary documents showing exhaustion of administrative remedies.

It is **ORDERED** that the defendant's motion for judgment on the pleadings, Doc. 33, is **GRANTED in part and DENIED in part** as follows:

1. The motion to dismiss is **DENIED** as to the plaintiff's claims for breach of contract and violation of the Fair Labor Standards Act.

2. The motion to dismiss is otherwise **GRANTED** and the plaintiff's remaining claims are **DISMISSED**. The Title VII claim dismissal is without prejudice for failure to exhaust administrative remedies, as are claims dismissed for lack of standing.

3. If the plaintiff has filed an EEOC charge and has received a right to sue letter, the plaintiff may file a motion for leave to file an amended complaint including a Title VII claim within ten days. Any such motion **SHALL** comply with LR 15.1.

This the 29th day of January, 2026.

_____
UNITED STATES DISTRICT JUDGE